UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KALI KANONGATAA,

                      Plaintiff,

    - against -

AMERICAN BROADCASTING COMPANIES, INC.,
and YAHOO! INC.

                      Defendants.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Kali Kanongataa ("Kali" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants American Broadcasting Companies, Inc. ("ABC") and Yahoo! Inc. ("Yahoo" and together with ABC "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of Facebook's First Live Birth, owned and registered by Kali. Accordingly, Kali seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendants because Defendants resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Kali is the owner of the Polynesian Cultural Exchange which is a non-profit organization that helps those of Pacific Islander decent utilize their talents with leaders in creating avenues to educate, promote and advance cultural competency. Kali has a place of business at 1495 Silver Avenue, San Francisco, CA 94134.

6. Upon information and belief, ABC is a corporation duly organized and existing under the laws of the State of the Delaware, with a place of business at 47 West 66th Street, New York, New York 10023. Upon information and belief, ABC is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, ABC has produced and broadcasted the television show *Good Morning America* (hereinafter "GMA") which is broadcasted on two hundred and forty-six affiliates television stations around the United States. At all times material hereto, ABC owns and operates the website: www.ABCNews.Go.com (the "GMA Website").

7. Upon information and belief, Yahoo is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 701 First Avenue, Sunnyvale, California, 94089. Upon information and belief, Yahoo is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Yahoo owns and operates the website: www.Yahoo.com. (the "Yahoo Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Video**

8.     On or about May 16, 2016, Kali videotaped his partner giving birth and broadcasted it on his Facebook page (the "Video").

9.     Kali is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10.    The Video was registered with United States Copyright Office and was given Copyright Registration Number PA 1-995-583.

**B.     Defendants Infringing Activities**

11.    Upon information and belief, during its telecast of GMA on or about May 17, 2016, ABC publically displayed the Video. Upon information and belief, ABC produced the telecast.

12.    Upon information and belief, on or about May 17, 2016, ABC ran an article on the GMA Website entitled *Man Uses Facebook to Live Stream Wife Giving Birth*.  The article prominently featured the Video. See (http://abcnews.go.com/GMA/video/man-facebook-live-stream-wife-giving-birth-39178353). A screen shot of the article and the Video on the GMA Website on a CD is attached hereto in Exhibit A.

13.    ABC did not license the Video from Plaintiff for use during GMA nor did ABC license the Video from Plaintiff for its GMA Website article, nor did ABC have Plaintiff's permission or consent to publish the Video on the GMA Website and on GMA.

14.    Upon information and belief, on or about May 17, 2016, Yahoo ran the same article entitled *Man Uses Facebook to Live Stream Wife Giving Birth*. The article prominently featured the Video. See (https://gma.yahoo.com/video/man-uses-facebook-live-stream-200930741.html). A screen shot of the article and the Video on the Yahoo Website on a CD is attached hereto in Exhibit B.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendants infringed Plaintiff's copyright in the Video by reproducing and publicly displaying the the Video on the GMA Website, Yahoo Website, and on GMA. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video.

17. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Video, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully

compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyright in the Video in violation of 17 U.S.C §§ 106 and 501;

2. That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendants, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Video, pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendants infringement of Plaintiff's Video; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 22, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Kali Kanongataa*