UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KALI KANONGATAA,

      Plaintiff,

    -against-           16-cv-7382 (LAK)

AMERICAN BROADCASTING COMPANIES, INC.,
et ano.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KALI KANONGATAA,

      Plaintiff,

    -against-           16-cv-7383 (LAK)

NBC UNIVERSAL MEDIA, LLC,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KALI KANONGATAA,

      Plaintiff,

    -against-           16-cv-7421 (LAK)

CBS BROADCASTING, INC., et al.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

(captions continued on following page)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-17-16

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
KALI KANONGATAA,

              Plaintiff,

           -against-                               16-cv-7471 (LAK)

IHEARTMEDIA, INC.,

              Defendant.
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
KALI KANONGATAA,

              Plaintiff,

           -against-                               16-cv-7472 (LAK)

COED MEDIA GROUP, LLC,

              Defendant.
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
KALI KANONGATAA,

              Plaintiff,

           -against-                               16-cv-8293 (LAK)

RODALE INC.,

              Defendant.
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        1.      The Court will conduct a pretrial and scheduling conference in these cases on November 29, 2016 at 9:45 a.m.

        2.      The November 16, 2016 docket notations "Case Accepted As Related" in Nos. 16-

cv-7383, 7421, 7471, 7472, and 8293 are modified to read "Case Accepted Pursuant to Rule 14."

        3.      Plaintiff's counsel has submitted a letter in 16-cv-7383 [DI 21] in which he (a) opposes what he describes as defendants' letter motion to consolidate the *NBCUniversal* (7383), *iHeartMedia* (7471) and *Rodale* (8293) cases, and (b) requests that the Court reconsider the reassignment of those cases on the ground that he contends that they are not related as well as what he construes to have been their consolidation.

        3.1.      As in initial matter, counsel is mistaken in construing defendants' letter motion as seeking consolidated of any actions (although defendants' counsel erroneously described the letter motion in the docket entry they made in the CM/ECF system as a motion to consolidate notwithstanding that the letter did not seek that relief). The letter in fact sought assignment of those three cases to Judge Schofield or, alternatively, of all six captioned cases to the undersigned on the theory that the cases are related within the meaning of Rule 13 of the Rules for the Division of Business Among District Judges ("RDB"). It did not seek consolidation of anything.

        3.2.      Second, these cases have not been consolidated in any respect, so there is nothing to reconsider in that regard. All that has transpired has been the assignment of all six to a single judge, the judge before whom the first filed case is pending. Whether and to what extent they should be consolidated will be a subject for discussion ast the November 29 conference.

        3.3.      Third, the reassignment of those five cases that were reassigned was made without a determination of whether all or any of them is "related" to any other within the meaning of RDB 13. They were reassigned by agreement of all judges concerned, upon written advice to the assignment committee, pursuant to RDB 14, which provides in relevant part: "Any judge, upon written advice to the assignment committee, may transfer directly any case or any part of any case on that judge's docket to any consenting judge." Accordingly, plaintiff's counsel's contention that the cases are not "related" is beside the point, although it is understandable that the mistaken docket notation no doubt was at least possibly responsible for the misunderstanding.

        3.4.      Fourth, the RDB "are adopted for the internal management of the case load of the court" and provide specifically that they "shall not be deemed to vest any rights in litigants or their attorneys."

        3.5.      For all of the foregoing reasons, plaintiff's letter, docketed only in 16-cv-7383 [DI 21], which the Court treats as a motion for reconsideration of the reassignment of 16-cv-7383, 7471 and 8293, is denied in all respects.

        SO ORDERED.

Dated:        November 17, 2016

 

_____
                      Lewis A. Kaplan
                United States District Judge