USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2017

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
KALI KONANGATAA,

                      Plaintiff,

       -against-                                          16-cv-7382 (LAK)

AMERICAN BROADCASTING COMPANIES, INC., et ano.,

                      Defendants.
------------------------------------------------x
KALI KONANGATAA,

                      Plaintiff,

       -against-                                          16-cv-7383 (LAK)

NBCUNIVERSAL MEDIA, LLC,

                      Defendant.
------------------------------------------------x
KALI KONANGATAA,

                      Plaintiff,

       -against-                                          16-cv-7472 (LAK)

COED MEDIA GROUP, LLC,

                      Defendants.
------------------------------------------------x
```

## MEMORANDUM OPINION

L<small>EWIS</small> A. K<small>APLAN</small>, *District Judge.*

   These previously dismissed copyright infringement actions are before the Court on defendants' joint motion for awards of attorneys' fees pursuant to Section 505 of the Copyright Act[1]

---

[1] 17 U.S.C. § 505.

2

and for sanctions pursuant to Section 1927 of the Judicial Code[2] and the inherent power of the Court.

*Facts*

As these cases all were determined on motions to dismiss the complaints pursuant to Rule 12(b)(6) – motions on which the plaintiff was entitled to the assumption that the well pleaded factual allegations of the complaints are true – very little need be said about the facts. It suffices merely to quote from part of the defendants' brief summary[3] to provide the background for this ruling:

> On May 16, 2016, Plaintiff publicly live-streamed on Facebook a 45-minute video of his partner giving birth to their child in a hospital delivery room (the "Video"). As of this filing, the Video continues to be publicly available at https://www.facebook.com/PolynesianNonprofit/videos/vb.100001911004128/1073990016008022/?type=2&theater.  [citation omitted]. Defendants and other news outlets reported on the Video and offered social commentary about the phenomenon of someone publicly live-streaming a life event that traditionally is considered personal. Defendants used very brief excerpts of the Video in their news reports: 30 seconds for NBC, 22 seconds for ABC and Yahoo, and a mere screengrab for CMG.

The Court notes also that the Video remains publicly available on Facebook as of this writing, more than a full year after its live-streaming.[4]

On February 23, 2017, this Court granted defendants' motions to dismiss from the bench on the ground that the uses complained of were fair uses. It stated:[5]

---

[2]  28 U.S.C. § 1927.

[3]  DI 37, at 2. (All references to the docket entries are to those in 16-cv-7382 (LAK)).

[4]  https://www.facebook.com/PolynesianNonprofit/videos/vb.100001911004128/1073990016008022/?type=2&theater (last visited June 19, 2017).

[5]  Tr., Feb. 23, 2017 [DI 34], at 43-44.

> This was in each case a use squarely within the preambulatory portion of Section 107 of the Copyright Act, namely, criticism, comment, news reporting, which goes a significant part of the distance toward a conclusion of fair use. I believe the use was transformative. The amount and substantiality of the portions used in relation to the copyright work as a whole are very small in each case and, in the case of COED Media, trivial and *de minimis* for sure. And there are no plausible allegations that would permit a conclusion that the effect of the use on the part of any of the defendants had any effect on any potential market for or any value of the copyrighted work.

Plaintiff did not appeal.

*Discussion*

*Copyright Act Section 505*

Section 505 of the Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Defendants were the prevailing parties in these actions. Awards of attorneys' fees therefore lie within the discretion of this Court. In exercising that discretion, courts consider "several nonexclusive factors" including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence."[6] An important consideration in deciding to award fees is that "fee awards under § 505 should encourage the types of lawsuits that promote" the purposes of the Copyright Act.[7] Thus, courts in making determinations under Section 505 must give appropriate regard to reaching results

---

[6] *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S.Ct. 1979, 1985 (2016) (internal quotations and alterations omitted).

[7] *Id.* at 1986.

that would "encourage[] parties with strong legal positions to stand on their rights and deter[] those with weak ones from proceeding with litigation."[8]  As the Supreme Court made clear in *Kirtsaeng,* this warrants "giving substantial weight to the reasonableness of a losing party's position."[9]

Here, no reasonable lawyer with any familiarity with the law of copyright could have thought that the fleeting and minimal uses, in the context of news reporting and social commentary, that these defendants made of tiny portions of the 45-minute Video was anything but fair.[10]  An award of attorneys' fees to the defendants would serve to "encourage[] parties with strong legal positions to stand on their rights" while deterring "those with weak ones from proceeding with litigation."[11]  Nor is any special solicitude warranted toward plaintiff on the theory that these lawsuits "resolved an important and close legal issue and thus meaningfully clarified copyright law."[12]  This, after all, was what a wag the Court once encountered would have called a "purple and green spotted cow" case – a case the like of which is not particularly likely ever to be encountered again.

To be sure, the parties have spilled a good deal of ink on the question whether the plaintiff acted in bad faith or was motivated by less than praiseworthy goals.  There may well be

---

[8] *Id.*

[9] *Id.* at 1985, 1986-87.

[10] *See, e.g., Authors Guild v. Google, Inc.*, 804 F.3d 202, 215-16 (2d Cir. 2015) (noting that "copying from an original for the purpose of criticism or commentary on the original or provision of information about it, tends most clearly to satisfy" a fair use defense).

[11] *Kirtsaeng,* 136 S.Ct. at 1986.

[12] *Id.* at 1985 (internal quotation marks and alterations omitted).

5

justification for defendants' implication that these were strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement. There may be basis too for their charges of inappropriate litigation behavior. The Court nevertheless assumes *arguendo* that plaintiff's motives were blameless. But that does not get plaintiff where he wants to go.

This Court concludes, in the exercise of its discretion, that awards of attorneys fees to the defendants would much better serve the purposes of the Copyright Act than the denial of such awards. The question of the amount of the awards, as defendants suggest, will be determined in subsequent proceedings.

*Section 1927 and Inherent Power*

Defendants argue also that plaintiff and his attorney should be sanctioned under Section 1927 and the inherent power of the court. They point not only to the frivolous nature of these cases, but to what they regard as mendacity and other litigation misconduct. But the standards governing that aspect of their motion are clear and essentially unhelpful to them.

In *Olivieri v. Thompson,*[13] the Court of Appeals wrote:[14]

> [W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power, *accord Colucci v. New York Times Co.,* 533 F. Supp. 1011, 1013-14 (S.D.N.Y.1982) (Weinfeld, J.). Indeed, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is, as noted above, that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power

---

[13] 803 F.2d 1265 (2d Cir. 1986).

[14] *Id.* at 1273.

6

may be made against an attorney, a party, or both. And that standard, which requires "clear evidence" of bad faith, applies in this case on both of defendants' theories.[15]

In all the circumstances, the Court declines to award sanctions under Section 1927 or its inherent power. To whatever extent plaintiff is able to compensate defendants financially for the costs of defending this frivolous litigation, he can be made to do so under Copyright Act Section 505 without a determination that defendants have put forth clear evidence of bad faith. And defendants may pursue any claims of professional misconduct on the part of plaintiff's attorney before appropriate disciplinary bodies.

---

[15] *Id.* at 1273 ("Like an award made pursuant to the court's inherent power, an award under § proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.").

To be sure, the Circuit has eliminated any requirement of a finding of bad faith where sanctions are sought with respect to invocations of a court's "inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit." *United States v. Seltzer,* 227 F.3d 36, 41-42 (2d Cir. 2000). But that is not the situation before the Court here.

7

*Conclusion*

For the foregoing reasons, defendants' joint motion [16-cv-7382 DI 36; 16-cv-7383 DI 50; 16-cv-7472 DI 30] is granted to the extent that defendants shall recover of plaintiff, pursuant to 17 U.S.C. § 505, reasonable attorneys' fees to be fixed by subsequent motion, filed no later than 21 days after the date hereof, and denied in all other respects.

SO ORDERED.

Dated:   June 21, 2017

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)