UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALI KANONGATAA,<br><br>               Plaintiff,<br><br>    v.<br><br>AMERICAN BROADCASTING COMPANIES, INC. AND YAHOO! INC.,<br><br>               Defendants. | Case No. 1:16-cv-07382-LAK |
| KALI KANONGATAA,<br><br>               Plaintiff,<br><br>    v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>               Defendant. | Case No. 1:16-cv-07383-LAK |
| KALI KANONGATAA,<br><br>               Plaintiff,<br><br>    v.<br><br>COED MEDIA GROUP, LLC,<br><br>               Defendant. | Case No. 1:16-cv-07472-LAK |

**DEFENDANTS' JOINT MEMORANDUM OF LAW
IN SUPPORT OF THE ENTRY OF ATTORNEYS' FEES**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ........................................................................................................1

ARGUMENT ................................................................................................................2

    I.    THE AMOUNT OF ATTORNEYS' FEES SOUGHT BY EACH OF THE DEFENDANTS IS REASONABLE ...............................................................2

        A.    ABC/Yahoo and CMG's Attorneys' Hourly Rates Are Reasonable ...........2

        B.    NBC's In-House Attorney's Rates Are Reasonable ...................................6

        C.    The Number of Hours Expended by Defendants' Attorneys Are Reasonable ..................................................................................................8

CONCLUSION ...........................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*16 Casa Duse, LLC v. Merkin, et al.*,
  No. 12 Civ. 3492 (RJS) (S.D.N.Y. Dec. 9, 2013)...................................................................4

*In re Arbitration Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*,
  160 F. Supp. 2d 613 (S.D.N.Y. 2001)......................................................................................8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
  522 F.3d 182 (2d Cir. 2008)..................................................................................................2, 3

*Baiul v. NBC Sports*,
  No. 15-CV-9920 (S.D.N.Y. May 19, 2016).............................................................................7

*Baiul v. NBCUniversal Media LLC*,
  No. 13-CV-02205 (S.D.N.Y Aug. 22, 2014).......................................................................6, 10

*Beastie Boys v. Monster Energy Co.*,
  112 F. Supp. 3d 31 (S.D.N.Y. 2015).....................................................................................5, 7

*BMS Entm't/Heat Music LLC v. Bridges*,
  No. 04 Civ. 2484 (PKC), 2007 WL 1989292 (S.D.N.Y. July 6, 2007)....................................5

*Broadcast Music, Inc. v. Pamdh Enters., Inc.*,
  No. 14-cv-2255 (KMW), 2014 WL 2781846 (S.D.N.Y. June 19, 2014) .....................2, 4, 6, 8

*Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*,
  919 F. Supp. 656 (S.D.N.Y. 1996).........................................................................................10

*Building Serv. 32 BJ Health Fund v. Renaissance Equity Holdings, LLC*,
  No. 08 Civ. 9264 (DC), 2010 WL 1438117 (S.D.N.Y. Apr. 9, 2010)......................................2

*Clarke v. Frank*,
  960 F.2d 1146 (2d Cir. 1992)...................................................................................................8

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*,
  246 F.3d 152 (2d Cir. 2001).....................................................................................................3

*Diplomatic Man, Inc. v. Nike, Inc.*,
  No. 08-CV-139, 2009 WL 935674 (S.D.N.Y. Apr. 7, 2009) ........................................3, 5, 6, 8

*Dweck v. Amadi*,
  10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029 (S.D.N.Y. July 6, 2012) ..............................5

*Farrar v. Hobby*,
    506 U.S. 103 (1992)..................................................................................................................3

*GAKM Res. LLC v. Jaylyn Sales Inc.*,
    No. 08-CV-6030, 2009 WL 2150891 (S.D.N.Y. July 20, 2009)............................................5, 6

*Genger v. Genger*,
    No. 14 Civ. 5683 (KBF), 2015 WL 1011718 (S.D.N.Y. Mar. 9, 2015) ...................................5

*Gierlinger v. Gleason*,
    160 F.3d 858 (2d Cir. 1998).....................................................................................................2

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..............................................................................................................3, 9

*Johnson v. Ga. Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ...................................................................................................3

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994).......................................................................................................8

*Mahan v. Roc Nation, LLC*,
    No. 14-CV-5075, 2016 WL 4718018 (S.D.N.Y. Sept. 9, 2016)............................................4, 5

*Melodrama Publ'g, LLC v. Santiago*,
    No. 12-CV-7830, 2015 WL 2380521 (S.D.N.Y. May 19, 2015) ........................................9, 10

*Millea v. Metro-North R.R. Co.*,
    658 F.3d 154 (2d Cir. 2011).....................................................................................................2

*G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*,
    894 F. Supp. 2d 415 (S.D.N.Y. 2012)......................................................................................9

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*,
    No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552 (S.D.N.Y. Dec. 6, 2010) ......................5, 6

*Pyatt v. Raymond*,
    No. 10-CV-8764, 2012 WL 1668248 (S.D.N.Y. May 10, 2012) .............................................5

*Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*,
    No. 13-CV-2493, 2014 WL 4792082 (S.D.N.Y. Sept. 24, 2014).............................................4

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*,
    No. 98-CV-7128, 2004 WL 213032 (S.D.N.Y. Feb. 3, 2004)............................................6, 10

*Walker v. Carter*,
    No. 12-CV-5384 (ALC) (RLE), 2016 WL 6820722 (S.D.N.Y. Aug. 29, 2016)...................4, 5

# INTRODUCTION

On June 21, 2017, the Court entered an Order granting defendants' American Broadcasting Companies, Inc. and Yahoo! Inc. (together, "ABC/Yahoo"), COED Media Group, LLC ("CMG"), and NBCUniversal Media, LLC's ("NBC") (each a "Defendant" and, collectively, the "Defendants") joint motion for attorneys' fees pursuant to Section 505 of the Copyright Act. *See* Mem. & Order, dated June 21, 2017, No. 1:16-cv-07472-LAK, Dkt. 30 (the "Order"), at 3-5. The Order required the parties to file, on or before July 12, 2017, "subsequent motion[s]" setting forth the amount of "reasonable attorneys' fees to be fixed." *Id.* at 7.

Pursuant to the Order, Defendants respectfully submit this joint memorandum of law in support of the entry of awards of attorneys' fees in the following amounts:

- ABC/Yahoo requests fees in the amount of $60,000.00, covering a total of 167.7 hours of work done primarily by Nathan E. Siegel (Partner, 25 years' experience) and Dana R. Green (Associate, 8 years' experience);

- CMG requests fees in the amount of $30,839.00, covering a total of 102.4 hours of work done primarily by Scott J. Sholder (Partner, 10 years' experience) and Marissa B. Lewis (Associate, 3 years' experience); and

- NBC requests fees in the amount of $30,630.00, covering a total of 107.6 hours of in-house work by Erik Bierbauer (Vice President, Litigation, 17 years' experience), Samantha Williams (law clerk, 1 year's experience) and Jorge Mendez (paralegal, 19 years' experience).

The amount sought by each of the Defendants is set forth fully in the accompanying Declarations of Nathan E. Siegel ("ABC/Yahoo Fees Decl."), Scott J. Sholder ("CMG Fees Decl."), and Erik Bierbauer ("NBC Fees Decl."), each dated July 12, 2017, as is required by Fed. R. Civ. P. 54(d)(2)(B). All of these fees are directly attributable to, and were necessarily incurred because of, plaintiff Kali Kanongataa's ("Plaintiff") meritless copyright infringement claims. For the reasons set forth herein, each of the Defendants should be awarded the full amount requested.

**ARGUMENT**

I.  **THE AMOUNT OF ATTORNEYS' FEES SOUGHT BY EACH OF THE DEFENDANTS IS REASONABLE**

Courts in the Second Circuit employ the "presumptively reasonable fee" (or "lodestar") method in determining appropriate attorneys' fees awards under federal statutes. *See Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 14-cv-2255 (KMW), 2014 WL 2781846, at *6 (S.D.N.Y. June 19, 2014) (noting that the "presumptively reasonable fee" standard is "a variation on the 'lodestar' method") (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182 (2d Cir. 2008)). The "presumptively reasonable fee" is derived by multiplying the attorneys' reasonable hourly rates by the number of hours reasonably expended. *Arbor Hill*, 522 F.3d at 183; *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (The "presumptively reasonable fee" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."); *Building Serv. 32 BJ Health Fund v. Renaissance Equity Holdings, LLC*, No. 08 Civ. 9264 (DC), 2010 WL 1438117, at *2 (S.D.N.Y. Apr. 9, 2010). A district court has "considerable discretion" in determining what constitutes a reasonable fee award. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

  A.  **ABC/Yahoo and CMG's Attorneys' Hourly Rates Are Reasonable.**

A reasonable hourly rate is the rate that a "reasonable, paying client would be willing to pay," *Arbor Hill*, 522 F.3d at 190, "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n.11 (1984)). *See also Arbor Hill*, 522 F.3d at 119 (courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee").

To assist courts in "stepping into the shoes of a reasonable, paying client," the Second Circuit has outlined a number of "case-specific variables" for courts to consider.[1] *See Arbor Hill*, 522 F.3d at 190. In addition to these variables, the actual billing arrangement between prevailing parties and private counsel is considered a significant factor in determining what fee is reasonable. *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 152, 151 (2d Cir. 2001) (noting that "[t]he actual billing rate certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded"); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08-CV-139, 2009 WL 935674, at *6 (S.D.N.Y. Apr. 7, 2009) ("[T]he reasonableness of an hourly fee may be determined exclusively by 'the rate a paying client would be willing to pay.'") (quoting *Arbor* Hill, 522 F.3d at 190)). The Supreme Court has also emphasized that the degree of the prevailing party's success is "the most critical factor" in determining the reasonableness of the fee award. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (where the party "has obtained excellent results, his attorney should recover a full compensatory fee").

The hourly rates and years' of experience of each attorney and paralegal who worked on this case on behalf of ABC/Yahoo or CMG are as follows:

---

[1] These variables include the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n. 3 (citing *Johnson*, 488 F.2d at 717-19).

|  | **Name** | **Title / Experience** | **Rate(s)** |
|---|---|---|---|
| **ABC/Yahoo** | Nathan E. Siegel | Partner (25 years) | $504 (2016); $504 (2017) |
|  | Dana R. Green | Associate (8 years) | $391 (2016); $391 (2017) |
|  | Scott Bailey | Paralegal (29 years) | $148 (2016); $149 (2017) |
|  | Ryan Relea | Paralegal (12 years) | $148 (2016); $149 (2017) |
|  | Brian Earl | Paralegal (3 years) | $148 (2016); $149 (2017) |
| **CMG** | Nancy E. Wolff | Partner (35 years) | $440 (2016); $475 (2017) |
|  | Scott J. Sholder | Partner (10 years) | $340 (2016), $375 (2017) |
|  | Marissa B. Lewis | Associate (3 years) | $225 (2016); $275 (2017) |
|  | Darnella Thomas | Paralegal (18 years) | $150 (2016) |

*See* ABC/Yahoo Fees Decl., ¶ 13; CMG Fees Decl., ¶¶ 7-11.

These hourly rates are commensurate or lower than those charged by comparable law firms in New York.

The partners' hourly rates – ranging between $340 and $504 – are at the low end of the spectrum of hourly rates that New York district courts have approved. *See, e.g.*, *Mahan v. Roc Nation, LLC*, No. 14-CV-5075, 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (deeming hourly rates of $565 to $855 for partners reasonable); *Walker v. Carter*, No. 12-CV-5384 (ALC) (RLE), 2016 WL 6820722, at *1 (S.D.N.Y. Aug. 29, 2016) (approving rate of $535 for supervising partner with twenty-three years of experience); *Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13-CV-2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Pamdh Enters.*, 2014 WL 2781846, at *7 (collecting cases awarding $400 to $735 per hour for partners); *16 Casa Duse, LLC v. Merkin, et al.*, No. 12 Civ. 3492 (RJS), Dkt. 75 (S.D.N.Y. Dec. 9, 2013) (finding hourly rate of $346.35 for CDAS partner with ten years of litigation experience to be "well below what

other courts in this district have found as reasonable"); *Pyatt v. Raymond*, No. 10-CV-8764, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving rates ranging from $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08-CV-6030, 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving $650 and $600 hourly rates for partners specializing in intellectual property litigation); *Diplomatic Man*, 2009 WL 935674, at **5-6 (finding rate of $650 per hour for a partner in a New York firm reasonable); *BMS Entm't/Heat Music LLC v. Bridges,* No. 04 Civ. 2484 (PKC), 2007 WL 1989292, at *2, 4 (S.D.N.Y. July 6, 2007) (finding hourly rates greater than $500 reasonable for experienced copyright litigators). *See also* Karen Sloan, *$1,000 Per Hour Isn't Rare Anymore; Nominal billing levels rise, but discounts ease*, The National Law Journal, Jan. 13, 2014, at 2 ("Firms with their largest office in New York had the highest average partner and associate billing rates, at $882 and $520, respectively," with a realization rate of 83.5 percent).

The associates' hourly rates – ranging from $225 to $391 – fall well within the range of hourly rates deemed reasonable for law firm associates in New York law firms. *See, e.g., Mahan*, 2016 WL 4718018, at *2 (deeming hourly rates of $300 to $553 for associates reasonable); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56 (S.D.N.Y. 2015) (finding $461 per hour rate reasonable for second-year associate); *Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Walker*, 2016 WL 6820722, at *1 (approving rates of $370 to $425 for associates with between six and eight years of experience); *Dweck v. Amadi*, 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ.

8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011) (approving rates between $355 and $400 per hour for associates).

The paralegals' hourly rates – all approximately $150 per hour – are also lower than rates that this Court has deemed reasonable. *See, e.g., Pamdh Enters.*, 2014 WL 2781846, at *7 (approving $160 hourly rate for paralegal with two years' of copyright litigation paralegal experience); *GAKM Res.*, 2009 WL 2150891, at *8 (approving $195 hourly rate for a paralegal); *Diplomatic Man*, 2009 WL 935674, at **5-6 (approving $200 hourly rate for a paralegal).

### B. NBC's In-House Attorneys' Rates Are Reasonable.

NBC defended this case using only its in-house counsel. As with outside counsel, the lodestar method is used to calculate the presumptively reasonable fees for in-house counsel. *See, e.g.*, *Baiul v. NBCUniversal Media LLC*, No. 13-CV-02205, at *2 (S.D.N.Y Aug. 22, 2014). Since in-house counsel do not charge clients on an hourly basis, "when applying the lodestar calculation, the court may use a reasonable hourly rate that the in-house counsel would be awarded if he or she was acting in the capacity of an outside counsel." *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98-CV-7128, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004).

NBC's lead lawyer in this case was Erik Bierbauer, whose title is Vice President, Litigation and who has been a litigator for 17 years. He graduated *magna cum laude* from New York University School of Law in 1999, clerked for a federal district court judge in the Central District of California, practiced as a litigation associate and then counsel at Debevoise & Plimpton LLP for 11 years, and left Debevoise to join NBC's legal function in October 2011. *See* NBC Fees Decl., ¶ 10. At NBC, Mr. Bierbauer does the type of work that a litigation partner at a law firm would do, such as arguing motions and appeals, writing and editing briefs on case-

6

dispositive issues, advising clients, and handling settlement negotiations and court conferences. His practice at NBC includes intellectual property, First Amendment, employment and commercial disputes. *See id.* In this case specifically, Mr. Bierbauer was NBC's designated trial counsel. He took the lead in arguing Defendants' motions to dismiss, reviewed and edited every document filed by NBC with the Court, and represented NBC at the preliminary conferences and settlement conference before the Court. *See id.*

NBC estimates a rate for Mr. Bierbauer in this case of $400 per hour, based primarily on the partner rates quoted here by counsel for co-defendants ABC/Yahoo and CMG. This $400 per hour rate is significantly lower than New York partner rates approved in other cases. *See* cases cited at pages 4-5, above. It is also less than the rate approved by the court last year for one of Mr. Bierbauer's in-house litigator colleagues at NBC with the same title and comparable experience. *See Baiul v. NBC Sports*, No. 15-CV-9920, Mem. Decision & Order at 11 (S.D.N.Y. May 19, 2016) (copy attached to NBC Fees Decl. as Ex. D) ($594 per hour held reasonable for another Vice President, Litigation at NBC with 15 years' experience).

For Ms. Williams, a 2016 graduate of Cardozo Law School who was admitted to the New Jersey bar in May 2017 and whose admission to the New York bar is pending, the most comparable rate is that of a first-year associate at a New York City law firm on a matter of this type. *See* NBC Fees Decl., ¶ 11. Based on the associate rates quoted by the co-defendants, as well as recent case law and publicly available information about law firm associate rates, NBC estimates Ms. Williams' rate to be $200 per hour. *Cf. Beastie Boys*, 112 F. Supp. 3d at 56 (finding $461 per hour rate reasonable for second-year associate). A court in this district last year awarded fees of $275 per hour for time spent by another NBC law clerk in a trademark case. *Baiul v. NBC Sports*, No. 15-CV-9920, Mem. Decision & Order at 11 (S.D.N.Y. May 19, 2016)

7

(concluding that $275 per hour "is in line with prevailing rates"); *see also In re Arbitration Between P.M.I. Trading Ltd. v. Farstad Oil, Inc.*, 160 F. Supp. 2d 613, 615 (S.D.N.Y. 2001) (noting in 2001, more than 15 years ago, that while a "rate of $200 per hour seems high for a first year associate, it is not unprecedented for a large New York law firm").

For Mr. Mendez, a litigation paralegal who has worked for five years at NBC after working from 1998 to 2012 as a Senior Paralegal at Hogan, NBC submits that a rate of $150 per hour is appropriate. *See* NBC Fees Decl., ¶ 12. The primary guidepost is the $150 per hour rate cited by counsel for co-defendant CMG for a similarly experienced paralegal. Approving a rate of $150 per hour for Mr. Mendez would be consistent with case law in this district. *See, e.g.*, *Baiul*, No. 15-CV-9920, Mem. Decision & Order at 11 (S.D.N.Y. May 19, 2016) ("[A]s an experienced paralegal, a $120 hourly rate for Mr. Mendez is clearly well within a reasonable range."); *Pamdh Enters.*, 2014 WL 2781846, at *6 (approving a rate of $160 per hour for a paralegal with two years of copyright litigation paralegal experience); *Diplomatic Man*, 2009 WL 935674, at *5 (deeming reasonable billing rates of $155 and $200 per hour for paralegals).

### C. The Number of Hours Expended by Defendants' Attorneys Are Reasonable.

The collective number of hours expended on this matter by each Defendant's attorneys is reasonable as well. "In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *Di Filippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)). The court must review the particular hours expended by counsel, with a view to the value of the work product to the client's case, and exclude any expenditure of time that is unreasonable. *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994). Exactitude, however, is not required.

*See G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 436 (S.D.N.Y. 2012) ("it is less important that judges attain exactitude, than that they use their experience with the case" and "the practice of law") (citation omitted). Ultimately, since "attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." *Clarke*, 960 F.2d at 1153 (citing *Hensley*, 461 U.S. at 437).

Defendants' attorneys' sworn declarations attest to the total hours expended by each of the assigned attorneys and paralegals:

|  | **Name** | **Title** | **Hours** | **Total Hours** |
|---|---|---|---|---|
| **ABC/Yahoo**[2] | Nathan E. Siegel | Partner | 59.0 | 167.7 |
|  | Dana R. Green | Associate | 94.2 |  |
|  | Scott Bailey | Paralegal | 2.1 |  |
|  | Ryan Relea | Paralegal | 11.7 |  |
|  | Brian Earl | Paralegal | 0.7 |  |
| **CMG** | Nancy E. Wolff | Partner | 0.4 | 102.4 |
|  | Scott J. Sholder | Partner | 49.4 |  |
|  | Marissa B. Lewis | Associate | 49.3 |  |
|  | Darnella Thomas | Paralegal | 3.3 |  |
| **NBC** | Erik Bierbauer | VP, Litigation | 49.5 | 107.6 |
|  | Samantha Williams | Law clerk | 42.3 |  |
|  | Jorge Mendez | Paralegal | 15.8 |  |

*See* ABC/Yahoo Fees Decl., ¶ 16, Ex. C; CMG Fees Decl., ¶ 3, Ex. A; NBC Fees Decl., ¶¶ 6-7. *See, e.g., Melodrama Publ'g, LLC v. Santiago*, No. 12-CV-7830, 2015 WL 2380521 (S.D.N.Y. May 19, 2015) ("there is no reason to second guess the approximately 177.5 hours of attorney

---

[2] For ABC/Yahoo, these hours reflect the total amount of hours actually spent on this matter. Since ABC/Yahoo is only requesting $60,000, instead of the $71,944 it actually spent on this litigation, these figures should be reduced by 17% to a total of 140 hours for purposes of the time spent for which fees are being sought.

9

time that the [f]irm billed in the period before" the court granted the plaintiff's motion for judgment on the pleadings, *i.e.*, from the commencement of the case in October 2012 through the decision in April 2013).

The hours for all of defendants' counsel include "contemporaneous time records specifying relevant dates, time spent and work done." *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 61 (S.D.N.Y. 1996) (citing *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)). *See* ABC/Yahoo Fees Decl., ¶ 16, Ex. C; CMG Fees Decl., ¶ 3, Ex. A; NBC Fees Decl., ¶ 7, Exs. A-C. With regard to NBC's in-house counsel only, who do not typically maintain contemporaneous time records, some of the time spent after the Court's dismissal order on February 15, 2017 was conservatively estimated after the fact based on an internal review of contemporaneous work product. *See* NBC Fees Decl., ¶ 6. Courts in this district have awarded fees in cases where standard contemporaneous time records were not maintained. *See Baiul v. NBCUniversal*, No. 13-CV-02205, at *7-9 ("It would therefore be unfair and unreasonable for the Court not to award reasonable recoupment for efforts as to which billable hourly records were not maintained so long as the work is fully supported."); *Video-Cinema Films, Inc.*, 2004 WL 213032, at *7 (awarding fees even though contemporaneous records of time were not maintained, but reducing the amount awarded by 25%). It is reasonable in this case to award NBC the fees that it requests for estimated time entries after February 15, 2017.

Finally, the fees requested reflect the fact that where possible, the two law firms representing ABC/Yahoo and COED, along with NBC's legal department undertook to cooperate and divide responsibility for tasks in order to minimize duplication. *See* ABC/Yahoo Fees Decl., ¶¶ 16, 20-21; CMG Fees Decl., ¶ 10; NBC Fees Decl., ¶ 5. Specifically, because

ABC/Yahoo was served first it filed the first motion to dismiss, which the other Defendants were able to use as a template to some extent. After this Court decided to handle these cases together, ABC/Yahoo's counsel took the lead in drafting the reply brief in support of the motions to dismiss, and all Defendants filed the same brief. For the hearing on the motion to dismiss, NBC's counsel took the lead and presented an argument on behalf of all Defendants on the fair use issue. For the motion for fees and sanctions, NBC's counsel took the lead in drafting the joint opening memoranda, and CMG's counsel took the lead in drafting the joint reply. The fees requested for each Defendant reflect this division of labor.

The result is that the Defendants collectively seek a total of $121,469.00 in fees for the entire case, which includes preliminary discovery, a successful dispositive motion, and a successful attorneys' fees motion on behalf of three separate parties, each with its own counsel. We respectfully submit that is a very reasonable amount in the context of today's legal market in New York.

## **CONCLUSION**

For the reasons stated herein, Defendants' respectfully request that judgment for their attorneys' fees be entered as set forth above.

Respectfully submitted,

Dated: New York, New York
July 12, 2017

By: /s/ Nathan E. Siegel
Nathan E. Siegel
Dana R. Green
LEVINE SULIVAN KOCH & SCHULZ LLP
1899 L Street NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1100
Fax: (202) 861-9888
nsiegel@lskslaw.com
dgreen@lskslaw.com

*Attorneys for Defendants American Broadcasting Companies, Inc. and Yahoo! Inc.*

By: /s/ Scott J. Sholder
Nancy E. Wolff
Scott J. Sholder
Marissa B. Lewis
COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
ssholder@cdas.com
mlewis@cdas.com

*Attorneys for Defendant COED Media Group*

By: /s/ Erik Bierbauer
Erik Bierbauer
NBCUNIVERSAL MEDIA, LLC
30 Rockefeller Plaza, 620-541
New York, New York 10112
Tel: (202) 664-4167
erik.bierbauer@nbcuni.com

*Attorney for Defendant NBCUniversal Media, LLC*