**UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KALI KANONGATAA,<br><br>                 Plaintiff,<br><br>  - against -<br><br>AMERICAN BROADCASTING COMPANIES, INC. AND YAHOO! INC.,<br><br>              Defendants. | 16 Civ. 7382 (LAK) |
| KALI KANONGATAA,<br><br>                 Plaintiff,<br><br>  - against -<br><br>NBCUNIVERSAL MEDIA, LLC<br><br>              Defendant. | 16 Civ. 7383 (LAK) |
| KALI KANONGATAA,<br><br>                 Plaintiff,<br><br>  - against -<br><br>COED MEDIA GROUP, LLC<br><br>              Defendant. | 16 Civ. 7472 (LAK) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITON TO
DEFENDANTS' SUBMISSIONS FOR ATTORNEYS' FEES**

**PRELIMINARY STATEMENT**

Plaintiff Kali Kanongataa ("Kanongataa") respectfully submits this memorandum of law in opposition to Defendants' NBCUniversal Media, LLC ("NBC"), American Broadcasting Companies, Inc., Yahoo! Inc. ("ABC/Yahoo"), and Coed Media Group, LLC ("COED"), or collectively "Defendants" submissions for reasonable attorneys' fees pursuant to Fed. R. Civ. P. 17 U.S.C. §505.  See Mem. & Order, dated June 21, 2017, No. 1:16-cv-07472-LAK, Dkt. 30 ("Order").

At the center of this litigation is the Plaintiff, a person of limited means, who is regrettably confronted with over $120,000 in legal fees from three corporate Defendants.  These cases stem from an ill-advised broadcasting of the birth of the Plaintiff's child and may end in the bankruptcy filing by the new father.   The financial impact of an assessment of legal fees will irreparably harm the Plaintiff's young family for years to come.[1]  While the Plaintiff acknowledges the Court's finding that he was objectively unreasonable to pursue these three cases, he also urges the Court to exercise its broad discretion in the calculation of the attorneys' fees.

Even though "the lodestar method provides the conventional framework that courts use in fashioning fee awards," it is by no means the only method.  *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 669 F.3d 59, 63 (1st Cir. 2012) (internal citations and quotation marks omitted).

---

[1] "While an award of attorneys' fees is necessary to deter objectively unreasonable copyright infringement claims in the future, the goals of the Copyright Act would not be promoted by bringing about [plaintiff]'s financial ruin." *Muller v. Twentieth Century Fox Film Corp.*, 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011), citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir.1986) ( "We emphasize that the aims of the [Copyright Act] are compensation and deterrence where appropriate, but not ruination."); Peyser v. Searle Blatt & Co., Ltd., 2004 WL 307300, *5 (S.D.N.Y. Feb. 17, 2004) (same); *see also American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc.*, 389 F.2d 903, 905 n. 2 (2d Cir.1968) (noting that it was proper for district court to take solvency into account in awarding fees under Copyright Act).  In *Muller*, the Court reduced the fee award from $150,000 to $40,000 on account of the plaintiff's financial standing.

"There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994) (reaffirming *Hensley v. Eckerhart,* 461 U.S. 424, 436–437, 103 S.Ct. 1933, 1941–1942, 103 S.Ct. 1933 (1983)). The *Fogerty* factors have already been sufficiently addressed in Plaintiff's opposition memorandum to the Defendants' Joint motion for fees and sanctions. The Court, in fact, made no findings of improper motive or other blameworthiness aside from an objectively unreasonable legal position. In the absence of such findings, the Plaintiff respectfully requests a significant reduction in the Defendants' requests for attorneys' fees.

## PROCEDURAL BACKGROUND

Facts surrounding these cases are all too familiar to the Court and will not be repeated. *Kanongataa v. American Broadcasting Companies, Inc. et al*, No. 1:16-cv-7382 was filed on September 22, 2016. *See* Dkt. 1. Counsel for ABC/Yahoo! appeared on October 18, 2016 and filed a stipulation extending time to answer/respond to the Complaint. *See* Dkt. 9. On November 21, 2016, Defendants filed a motion to dismiss based on fair use. *See* Dkt. 15.

*Kanongataa v. COED Media Group, LLC*, No. 1:16-cv-7472, was filed on September 25, 2016. *See* Dkt. 1. COED's litigation counsel appeared on October 11, 2016 (Dkt. 7, 8) and after filing two stipulated extensions to answer/respond, (Dkt. 10, 13) the Defendant filed a motion to dismiss that mimicked ABC/Yahoo!'s motion on December 1, 2016. *See* Dkt. 16.

*Kanongataa v. NBCUniversal Media, LLC*, No. 1:16-cv-7383, was also filed on September 22, 2016. *See* Dkt. 1. In that case, the Defendant's in-house counsel made an appearance on October 19, 2016 (Dkt. 8). Counsel then opted to file two requests for extensions to answer or respond (Dkt. 10, 12), opposed a request for default judgment (Dkt. 14), an answer

(Dkt. 31), and a motion on the pleadings (Dkt. 33) that was mooted by the Court. In fact, NBC did not file a motion to dismiss until January 5, 2017 when the Defendant finally submitted its own version of the joint memorandum already submitted by other Defendants regarding fair use defense. *See* Dkt. 38.

Defendants filed a joint reply in support of a motion to dismiss on January 27, 2017. On March 1, 2017 the Defendants filed a joint motion for fees and sanctions, which was denied as to sanctions.

## ARGUMENT

### I.   DEFENDANTS' RECORDS ARE INSUFFICIENT AND UNRELIABLE.

#### A. ABC/Yahoo!'s Billing Statements Are Heavily Redacted.

Without offering any support for the proposition that billing statements are subject to attorney-client privilege or that any joint defense privilege is effectively waived by other Defendants, [2] ABC/Yahoo! submit heavily redacted billing statements. ABC/Yahoo! do not enjoy and cannot assert any privilege that would prevent the Plaintiff and the Court form analyzing whether the expenditure of time and effort was reasonable. As Declaration of Nathan E. Siegel ("Decl. Siegel") & Ex. C reveals on pages 2, 3, 5, 6, 7, 10, 11, 14, 15, and to a lesser extent on the remaining pages of the exhibit, there are significant redactions. Even a cursory calculation of fees associated with ABC/Yahoo!'s entries that are completely redacted out amount to a least $4,569. These redactions include, not only descriptions of legal tasks/activities but employees' initials, dates, hours and even the amounts billed. These amounts, however, are still included in the total of requested fees. On page 11, for example, there is an across-the-

---

[2] Crucially, none of the other Defendants submitted redacted billing statements. COED counsel's records are detailed and while NBC's in-house records are not contemporaneous they are similarly detailed.

4

board redaction that is still included in the billing total. *Id.* The Plaintiff requests a 25% reduction of the total requested given these baseless redactions that have disallowed a proper inquiry as to the reasonableness of the hours spent defending this case.

### B. NBC's Billing Records Are Not Contemporaneous

According to NBC's in-house counsel, contemporaneous records were not kept prior to November 4, 2016, nor after February 15, 2017. *See* Declaration of Erik Bierbaur ("Decl. Bierbauer"). Counsel for NBC further admits that his submissions include "after-the fact estimate." *Id.* "Such 'hindsight review' is not an adequate substitute for contemporaneous time records. *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) (reducing the attorneys' fees by 50% for failure to keep contemporaneous records). After February 15, 2017, NBC's counsel recorded 9.3 hours for lead counsel, 2.5 hours for the law clerk, and 2.0 hours for the litigation paralegal. Plaintiff requests a reduction of 50% to all NBC's fees estimated after February 15, 2017.

### C. NBC's Did Not Submit an Estimate of Actual Imputed Costs.

In an analogous case involving another broadcaster, ABC provided the Court with its "Estimation of the Actual Imputed Costs of In-House Counsel's Time," in which it calculated that the attorneys' time is actually worth $152.44 per hour. *Video-Cinema Films, Inc. v. Cable News Network, Inc.,* No. 98 CIV.7128 BSJ, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004). The Court in that case, agreed that this figure should be used in the lodestar calculation. Noting that the court must be careful not to award fees that could be construed as a "penalty" or a "windfall," the Court used $152.44 figure in the lodestar calculation for the attorneys. *Id.* Failure to provide an estimate of actual imputed cost of its in-house attorney, however, resulted in the Court directing CBS to submit an estimate of the actual imputed cost of its in-house

5

attorney's time.  No attorneys' fees were granted to CBS until that submission was made.  *Id.* at *8.  Upon such a submission, the Court calculated that in-house counsel to CBS deserved $154.99 as a reasonable hourly rate.  *Video-Cinema Films, Inc. v. CBS Corp.,* No. 98 CIV.7130 (BSJ), 2004 WL 330244, at *1 (S.D.N.Y. Feb. 23, 2004).   Similarly, NBC has not submitted an estimate of actual imputed cost of its in-house attorneys' time.  Without such a document, NBC will undoubtedly receive a windfall.  The Plaintiff requests that the Court order NBC to submit an estimate of actual imputed costs of its in-house legal team, including its law clerk and litigation paralegal.  Alternatively, we request that the Court reduce the hourly rate for NBC's in-house counsel, law clerk and litigation paralegal by 50% to $200, $100, and $75 respectively.

## II.  THE HOURS SPENT BY DEFENDANTS ARE UNREASONABLE

Defendants claim that they have spent a total of 377.7 hours on defending against claims that the Court found objectively unreasonable by merely looking at the original and Defendants' uses, side by side.  Even the Defendants admit that counsel for ABC/Yahoo! took the lead in briefing the motions to dismiss and "provided a template for the other defendants to use."  *See* Decl. Siegel, §20.   NBC reports that it "took the lead on arguing those motions to dismiss as well as drafting the joint brief in support of motions for fees and sanctions."  *See* Decl. Bierbauer.   And it appears, though COED's counsel does not independently confirm this in his declaration, that COED took the lead on the joint reply supporting the motions for fees and sanctions. *See* Declaration of Scott J. Sholder.  The Defendants insist that no duplicative efforts or redundancies took place, but the combined 377.7 hours spent suggests otherwise.  For example, the notion that counsel for ABC/Yahoo! had two distinct clients is somewhat of a fiction, leading to duplicative efforts and unnecessary billing.  *See* Decl. Siegel, §13, 21.   Yahoo! merely displayed ABC's broadcast, a fact substantiated in ABC paying for Yahoo's legal fees.

6

Whatever the arrangement between ABC and Yahoo!, counsel did not have to perform two sets of legal tasks.  Any billing that treats ABC and Yahoo! on equal footing is unreasonable.

In opposing the Defendants' submissions, the Plaintiff respectfully challenges the Defendants' Joint Memorandum of Law as to the reasonableness of the hours spent on this matter.  These three related cases were summarily dismissed by this Court on Fed. R. Civ. P. 12(b)(6) motions to dismiss, even though such motions are rarely granted and generally disfavored.  The Court further dismissed these three related cases for failure to state a claim based on a fair use defense, despite Second Circuit warning against granting motions to dismiss on fair use grounds and a paucity of District Court cases granting such drastic relief so early on in a fact-intensive context.  This Court has unequivocally found that these cases could and should be disposed of before the record is developed, holding that a mere comparison of the original and the Defendants' uses, side by side, is sufficient to show that the latter are protected by the Fair Use doctrine.

Furthermore, in granting attorneys' fees pursuant to 17 U.S.C. §505, this Court has ruled that it is objectively unreasonable to assume that the uses were not protected by the Fair Use doctrine.  Emphatically, this Court has held that "no reasonable lawyer with any familiarity with the law of copyright could have thought that the fleeting and minimal uses, in the context of news reporting and social commentary, that these defendants made of tiny portions of the 45-minute Video was anything but fair." *Konangataa[3] v. Am. Broadcastingcompanies, Inc.*, No. 16-CV-7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017).   It then follows that any attorney, familiar with copyright law, who did not immediately recognize, as a result of a side-by-side comparison, that these uses were protected by the Fair Use doctrine is unreasonable.

---

[3] Westlaw misspells the name of the Plaintiff Kanongataa as Konangataa.

Moreover, any legal task or activity performed that does not recognize the use as fair cannot be reasonable.[4]

The Court has further held that "[a]n award of attorneys' fees to the defendants would serve to encourage parties with strong legal positions to stand on their rights" while deterring those with weak ones from proceeding with litigation." *Id*. (internal quotation marks omitted).  In granting reasonable attorneys' fees, the Court incentivizes parties to advance strong legal positions.  Any legal task or activity that does not advance strong legal positions, or delay a resolution based on a strong legal position, or does not champion its rights should be discouraged.  If the objective of the Court is to deter weak legal positions from proceeding with litigation, then any position that does not immediately set out to defend theses uses as fair should be viewed as undesirable and undeserving of an award of reasonable attorneys' fees.  Therefore, any legal task or activity in the service of a fair use defense deserves to be reimbursed while any fees associated with the delay, neglect or failure to put forth a fair use defense should be bore by the Defendants.  For example, NBC requests reimbursement for opposing a request to enter default, attendance of a settlement conference, interposing an answer, and all mooted judgment on the pleadings.  *See* Decl. Bierbauer §2.  Awarding attorneys' fees for superfluous legal work that delays, neglects or fails to advance a strong legal position is at odds with goals of the Copyright Act.  Here, any legal work not related to bringing a motion to dismiss based on fair use should be deemed unnecessary.  We respectfully request that the Court evaluate which of Defendants' legal tasks and/or activities were in the service of advancing a fair use defense and which delayed, neglected and failed to advance a strong legal position so obvious on the face of

---

[4] Conversely, any legal task or activity in service of defending fair use in these cases is eminently reasonable, i.e. drafting a motion to dismiss based on fair use.

the complaint. In effect, the Plaintiff respectfully asks the Court to view delay, neglect or failure in advancing an obvious, strong legal position as tantamount to pursuing a weak legal position. After all, if no reasonable attorney could see these uses as anything but fair, by merely looking at the uses, then how could the precious hours spent on anything but mounting a fair use defense be considered reasonable.

Finally, in their respective accounting Defendants COED and NBC fail to acknowledge that Defendants' Joint Motion for fees and sanctions was only partially granted. The Court denied the Defendants' motion as to sanctions and any fees incurred in bringing the motion should be discounted by 50% as calculated by Defendant ABC/Yahoo! COED reports 17.7 hours of work as a result of the motion for fees, while NBC spent 13.8 hours on the same. Plaintiff requests that these hours be reduced by 50% to conform to Defendant ABC/Yahoo!'s calculation.

## CONCLUSION

In light of the foregoing reasons, we respectfully ask the Court to substantially reduce the amount of Defendants' reasonable attorneys' fees.

Respectfully Submitted,
/s/ Yekaterina Tsyvkin
Yekaterina Tsyvkin
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff Kali Kanongataa*
