**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KALI KANONGATAA, | : | ECF Case |
| | : | |
| Plaintiff, | : | Case No. 1:16-cv-07382 (LAK) |
| | : | |
| -against- | : | |
| | : | |
| AMERICAN BROADCASTING COMPANIES, INC. AND YAHOO! INC., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| KALI KANONGATAA, | : | ECF Case |
| | : | |
| Plaintiff, | : | Case No. 1:16-cv-07383 (LAK) |
| | : | |
| -against- | : | |
| | : | |
| NBCUNIVERSAL MEDIA, LLC, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| KALI KANONGATAA, | : | ECF Case |
| | : | |
| Plaintiff, | : | Case No. 1:16-cv-07472 (LAK) |
| | : | |
| -against- | : | |
| | : | |
| COED MEDIA GROUP, LLC, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THE ENTRY OF ATTORNEYS' FEES**

Defendants NBCUniversal Media, LLC ("NBC"), American Broadcasting Companies, Inc., Yahoo! Inc. (together, "ABC/Yahoo"), and Coed Media Group, LLC ("CMG") (collectively, "Defendants") respectfully submit this reply memorandum of law in support of their motion for attorneys' fees and costs.

## ARGUMENT

### A. Defendants' Fee Requests Are Reasonable in Total

Plaintiff's Opposition (the "Opposition" or "Opp.") suggests that it is unreasonable for the four moving Defendants to seek reimbursement for a total of 377.7 hours their counsel spent litigating this case. Opp. at 6. In particular, Plaintiff asserts that Defendants should not be reimbursed for legal work that was not directly related to moving to dismiss Plaintiff's claims on the ground of fair use, since "any attorney, familiar with copyright law, who did not immediately recognize, as a result of a side-by-side comparison, that these uses were protected by the Fair Use doctrine is unreasonable." Opp. at 7. Plaintiff's argument is audaciously disingenuous.

As Plaintiff now concedes, he asserted objectively unreasonable claims of copyright infringement that he and his counsel should have known were barred by the fair use doctrine. Opp. at 7. He chose to pursue his claims via litigation strategies such as bringing six separate actions in this district over substantially similar uses, serving discovery requests on ABC, Yahoo! and NBC at the earliest opportunities, and seeking entry of default against NBC while its request for an extension of time to answer the complaint was pending. *See Kanongataa v. NBCUniversal Media, LLC*, 16-cv-07383-LAK, Dkt. #15, Pl. Mem. Supp. Request for Default, at 5 (opposing transfer of cases to one judge); Dkt. #21, Pl. Ltr. Br. Opposing Def. Motion to Consolidate Cases (same). Although Defendants certainly would have preferred not to spend time and resources on tasks other than moving to dismiss Plaintiff's meritless claims, Defendants

1

had no realistic option but to respond to Plaintiff's court filings, engage in discovery, and take necessary and reasonable steps to litigate these cases until the Court dismissed them.

As discussed in the joint opening memorandum, Defendants made every effort to litigate this case efficiently and divided the work whenever it was feasible to do so. *See Kanongataa v. NBCUniversal Media, LLC*, 16-cv-07383-LAK, Dkt. #60, Defs' Joint Mem. of Law Supp. Entry of Attorneys' Fees ("Defs. Mem.") at 10-11. The total of 377.7 hours for which they seek reimbursement, spread across three sets of counsel representing four clients in three civil actions over the course of nearly six months, is well within the range that courts have deemed reasonable. *See, e.g., Melodrama Publ'g, LLC v. Santiago*, No. 12CV7830-JSR-FM, 2015 WL 2380521, at *6 (S.D.N.Y. May 19, 2015), *report and recommendation adopted,* No. 12 CIV. 7830 (JSR), 2015 WL 7288639 (S.D.N.Y. Nov. 16, 2015) ("there is no reason to second guess the approximately 177.5 hours of attorney time that the [f]irm billed in the period before" the court granted the plaintiff's motion for judgment on the pleadings, *i.e.*, from the commencement of the case in October 2012 through the decision in April 2013). Defendants simply request reasonable reimbursement for the fees that Plaintiff's pursuit of his meritless claims forced them to incur. They are entitled to no less.

### B. ABC's Fee Request Is Fully Documented and Reasonable

With respect to ABC and Yahoo, Plaintiff offers what amounts to a couple of minor criticisms of its fee request, and accordingly seeks a 25% reduction in the total requested. Opp. at 5. However, each of Plaintiff's objections is factually inaccurate, and thus provides no grounds for reducing the amount requested.

First, Plaintiff complains that ABC/Yahoo redacted entire entries in the billing records submitted with their petition. Opp. at 4. But as explained in Defendants' petition, those entries

2

were redacted because they reflect work performed by two attorneys for which no reimbursement is sought. *Kanongataa v. American Broadcasting Companies, Inc.*, 16-cv-07382-LAK, Dkt. #48, Siegel Decl. at ¶ 18.[1] Otherwise, the only redactions made are those specific words within some of the time entries that contain the substance of attorney-client communications, which is entirely appropriate. *See Wells Fargo Bank, NA v. Konover*, No. 3:05CV1924 AWT, 2014 WL 3908596, *12-13 (D. Conn. Aug. 8, 2014) (citing cases); *Ursa Minor Ltd. v. Aon Financial Products*, No. 00 CIV 2474(AGS), 2001 WL 1842042, *6 (S.D.N.Y. May 30, 2001) ("it is perfectly appropriate to redact from time records information that may disclose attorney-client communications as long as the remaining descriptions are sufficiently detailed for the court to evaluate.")

Second, Plaintiff argues that ABC and Yahoo's counsel "did not have to perform two sets of legal tasks" for their respective clients. Opp. at 7. That too is incorrect. Plaintiff submitted separate discovery requests to each of the two companies, noticed depositions of separate witnesses, and sought alleged damages based on any distinct profits and revenues earned by each company. Counsel therefore investigated the facts for each company, oversaw the gathering of documents and preservation of materials for each, served discovery responses for each company, and throughout the case communicated separately with a client representative for each company (reflected in the time entries as "I. Satyendra" for ABC and "L. Kaigh" for Yahoo). *See* Siegel Reply Decl. at ¶¶ 3-5, Exs. 1-3. In fact, it is notable that Plaintiff's summary of these cases' procedural background omits all of the preliminary discovery activity that took place. Having

---

[1] Plaintiff claims the redacted entries total $4,569. Opp. at 4. That is approximately correct, except Plaintiff does not account for the fact that that for all time entries the amount actually billed to the client was reduced by about 22%. *Kanongataa v. American Broadcasting Companies, Inc.*, 16-cv-07382-LAK, Dkt. #48, Siegel Decl. at ¶ 13. So the redacted entries actually total about $3,560 in fees billed, which is the amount of fees that was billed for the two attorneys who are not included in these Defendants' request. *Id.* at ¶ 18.

both sued and pursued ABC and Yahoo as distinct entities with allegedly independent responsibility for copyright infringement, Plaintiff cannot reasonably complain that these Defendants performed the various tasks necessary to respond accordingly.

### C. NBC's Fees Are Properly Measured by Looking to Comparable Outside Counsel Fees, and NBC's Fee Request Is Sufficiently Supported

Plaintiff asserts that the time spent by NBC's in-house counsel should not be reimbursed at rates charged by comparable outside counsel, but that NBC rather must "submit an estimate of the actual imputed cost of its in-house attorney's time." Opp. at 5. Plaintiff alternatively suggests that the Court halve the hourly rates requested by NBC. *Id.* at 6. Plaintiff's argument is misguided.

As discussed in Defendants' opening memorandum, courts regularly calculate lodestar rates for in-house counsel based on comparable outside counsel rates. *See, e.g.*, *Baiul v. NBCUniversal Media LLC*, No. 13-CV-02205, at *2 (S.D.N.Y. Aug. 22, 2014); *Broad. Music, Inc. v. R Bar of Manhattan, Inc*., 919 F. Supp. 656, 661 (S.D.N.Y. 1996). Pointing to *Video-Cinema Films, Inc. v. Cable News Network, Inc.,* No. 98 CIV.7128 BSJ, 2004 WL 213032, at *6 (S.D.N.Y. Feb. 3, 2004), Plaintiff contends that using outside counsel rates would yield a windfall for NBC and impose a penalty on Plaintiff. Opp. at 5. That is not so. Rather, calculating the lodestar by reference to comparable outside counsel rates, as estimated conservatively by NBC, will appropriately compensate NBC for the opportunity cost of having its in-house counsel spend time defending against Plaintiff's meritless lawsuit instead of handling other matters. *See Baiul,* No. 13-CV-02205, Mem. Decision & Order, at 9 ("It would be unfair and unreasonable for the Court not to award reasonable recoupment for efforts that would be fully compensable if performed by outside counsel. NBCUniversal should not be penalized for choosing to litigate this matter in-house, especially as doing so necessarily caused a drain on its internal resources.").

Notably, in *Video-Cinema*, the court awarded fees to ABC and CBS based on the imputed cost of their in-house counsel's time, yet also awarded each network an *additional* $37,500 so as not to "grossly undercompensate[]" it for time expended for which no records were kept. *Video-Cinema*, 2004 WL 213032, at *7; *Video-Cinema Films, Inc. v. CBS Corp.,* No. 98 CIV.7130 (BSJ), 2004 WL 330244, at *1 (S.D.N.Y. Feb. 23, 2004). In this case, NBC does not seek any such supplemental award. In fact, NBC seeks no compensation at all for time that its in-house counsel spent between the filing of the complaint on September 22, 2016 and November 4, 2016.

Plaintiff also seeks a 50% reduction in NBC's fees estimated after February 15, 2017, which total 13.8 hours valued at $4,520. Opp. at 5. As explained in Defendants' moving papers, NBC conservatively estimated these post-dismissal fees based on a review of its in-house counsel's contemporaneous work product. This itemized reconstruction is sufficient for an award of the fees sought. *See Carrero v. New York City Hous. Auth.*, 685 F. Supp. 904, 908-09 (S.D.N.Y. 1988), *aff'd and remanded*, 890 F.2d 569 (2d Cir. 1989) (holding that "affidavits that have been reconstructed from contemporaneous records and that set forth all charges with specificity" satisfy the requirements for an award of fees set forth in *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir. 1983)). Indeed, in the *Video-Cinema* case upon which Plaintiff relies, the court reduced in-house counsel fee awards by only 25% with respect to time for which *no* records were kept. *Video-Cinema*, 2004 WL 213032, at *7; 2004 WL 330244, at *1. Here, it is appropriate to award NBC 100% of the fees it requests for post-dismissal legal work.

### D. CMG and NBC Should Be Compensated for All the Fees They Incurred on Their Motions for Fees and Sanctions

Plaintiff argues that CMG's and NBC's fee award for the time spent on their motions for fees and sanctions should be halved because Defendants did not prevail on their request for

sanctions under 28 U.S.C. § 1927 and because ABC and Yahoo! voluntarily discounted their fees for that motion. Opp. at 9. Plaintiff offers no support for the conclusory allegation that 50% of counsel's time was spent on sanctions briefing other than the Siegel Fees Declaration at ¶ 18, which applies only to ABC and Yahoo!, not to CMG and NBC. Opp. at 6, 9. Moreover, Plaintiff cites no authority for the proposition that a 50% discount is appropriate when the Court ruled that Plaintiff's counsel should not be sanctioned despite the appropriateness of a fee award against the Plaintiff, individually.

Defendants' arguments in support of their motion for sanctions were not unreasonable, and while the Court did not grant the request, there is no indication in the record that the motion was in any way improper. Plaintiff even acknowledges the Court's holding that "no reasonable lawyer with any familiarity with the law of copyright could have thought" that the uses at issue in this case were "anything but fair." *Kanongataa v. Am. Broad. Cos., Inc.*, No. 16-CV-7382(LA), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017).

In sum, Plaintiff brought this situation upon himself and should fairly compensate Defendants for the time and expense incurred by their counsel in defending against a concededly meritless case.

## CONCLUSION

For the reasons set forth above and in their opening memorandum of law, Defendants respectfully request this Court to grant their Motion for Attorneys' Fees and Costs in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 16, 2017<br>New York, New York | By:   /s/ Nathan E. Siegel<br><br>Nathan E. Siegel<br>DAVIS WRIGHT TREMAINE LLP<br>1251 Avenue of the Americas<br>21st Floor<br>New York, NY 10020<br>Tel: (212) 489-8230<br>Fax: (212) 489-8340<br>nathansiegel@dwt.com<br>*Attorney for Defendants American Broadcasting Companies, Inc. and Yahoo! Inc.* |
|  | By:   /s/ Erik Bierbauer<br><br>Erik Bierbauer<br>NBCUNIVERSAL MEDIA, LLC<br>30 Rockefeller Plaza, 620-541<br>New York, NY 10112<br>Tel: 212-664-4167<br>Erik.Bierbauer@nbcuni.com<br>*Attorney for Defendant NBCUniversal Media, LLC* |
|  | By:  /s/ Scott J. Sholder<br><br>Nancy E. Wolff<br>Scott J. Sholder<br>COWAN DEBAETS ABRAHAMS & SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, New York 10010<br>Tel: (212) 974-7474<br>nwolff@cdas.com<br>ssholder@cdas.com<br>*Attorneys for Defendant Coed Media Group, LLC* |