**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

KALI KANONGATAA,                                             :    ECF Case
                       Plaintiff,    :
                               :    Case No.  1:16-cv-07382 (LAK)
          -against-    :
                               :
AMERICAN BROADCASTING COMPANIES,    :
INC. AND YAHOO! INC.,    :
                               :
                    Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

### REPLY DECLARATION OF NATHAN E. SIEGEL

I, Nathan E. Siegel, under penalty of perjury hereby declare as follows:

      1.  I am over 18 years of age and am competent to testify to the matters stated herein.

      2.  I am counsel of record for American Broadcasting Companies, Inc. and Yahoo! Inc., defendants in the above-captioned case.  I am providing this Declaration in further support of defendants American Broadcasting Companies, Inc. and Yahoo! Inc. (together, "ABC/Yahoo") motion for entry of awards of attorneys' fees in the amount requested herein.

      3.  Attached hereto as Exhibit 1 is a copy of Yahoo! Inc.'s initial disclosures in this case.

      4.  Attached hereto as Exhibit 2 is a copy of a Notice of Deposition served by Plaintiff immediately after Yahoo! Inc.'s disclosures were served.  The deposition date was postponed, and ultimately did not take place because this Court granted the motion to dismiss.

      5.  Attached hereto as Exhibit 3 is a copy of Yahoo! Inc.'s Responses to Plaintiff's Request for Production of Documents that were served on Plaintiff's counsel.

      I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed: August 16, 2017
New York, New York

By: _____

Nathan E. Siegel
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel: (212) 489-8230
Fax: (212) 489-8340
nathansiegel@dwt.com
*Attorney for Defendants American Broadcasting Companies, Inc. and Yahoo! Inc.*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KALI KANONGATAA,                                    :    ECF Case

                Plaintiff,              :

                               :    Case No.  1:16-cv-07382 (LAK)

        -against-                            :

                               :    **Defendants' Supplemental Initial**

AMERICAN BROADCASTING COMPANIES,   :    **Rule 26(a)(1) Disclosures**
INC. AND YAHOO! INC.,                               :

                               :

                Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants American Broadcasting

Companies, Inc., and Yahoo! Inc., by and through their undersigned attorneys, submit the following

supplemental initial disclosures based on information currently in their possession, custody, or

control.  Defendants reserve the right to modify, amend or otherwise supplement these disclosures as

their investigation, discovery, and trial preparation in this litigation continue.  Defendants also

reserve the right to object on any ground to any subsequent discovery request or any other use of

these initial disclosures by Plaintiff, even if directed to the subject matter described herein.

    (i)    *Persons Likely to Have Discoverable Information that Defendants May Use to*
          *Support Their Defenses*

**American Broadcasting Companies, Inc.**

| Witness | Address | Areas of Information |
|---------|---------|----------------------|
| Angela Ellis | Contact only through counsel | Ms. Ellis has knowledge concerning how Defendant ABC initially became aware of and obtained the Video. |
| Greig Todd | Contact only through counsel | Mr. Todd has knowledge concerning the reporting about the video on *Good Morning America*. |
| Lauren Sher | Contact only through counsel | Ms. Sher has knowledge concerning the publication of the Video on the *Good Morning America* website and Yahoo.com. |

**Yahoo! Inc.**

| Witness | Address | Areas of Information |
|---|---|---|
| David Ellis | Contact only through counsel | Mr. Ellis has knowledge concerning the relationship between Yahoo and ABC |

(ii) *Reservation of Rights; Non-Waiver of Objections or Privileges*

Defendants do not waive and expressly reserve the right to supplement these disclosures to the fullest extent permitted under the Federal Rules of Civil Procedure. Defendants' disclosures herein are made without in any way waiving (a) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in this action or in any other actions; and (b) the right to object on any and all grounds at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

Dated: January 17, 2017
Washington, D.C.


By: _____

Nathan E. Siegel
Dana R. Green
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1100
Fax: (202) 861-9888
nsiegel@lskslaw.com

*Counsel for Defendants American Broadcasting
Companies, Inc. and Yahoo! Inc.*

## CERTIFICATE OF SERVICE

I, Dana R. Green, hereby certify that on January 17, 2017, I served the foregoing Rule 26(a)(1) disclosures on all counsel of record in this case by email delivery as follows:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

Yekaterina Tsyvkin
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
kt@LiebowitzLawFirm.com

*Attorneys for Plaintiff*

Dana R. Green

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-- - - - - - -- - - - - - - - - - - - - - - -- - - - - - - - - - - - - - -x
                                                        :
KALI KANONGATAA                                         :
                                                        :
                              *Plaintiff*,              : 16-cv-07382 (LAK)
                                                        :
                                                        : **NOTICE OF DEPOSITION**
            vs.                                         :
                                                        :
                                                        :
AMERICAN BROADCASTING COMPANIES, INC. and :
YAHOO! INC.                                             :
                                                        :
                              *Defendants*.             :
-- - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - -x

PLEASE TAKE NOTICE that, pursuant to Rule 26 and 30 of the Federal Rules of Civil Procedure, plaintiff Kali Kanongataa, by his attorneys, Liebowitz Law Firm, PLLC will take the deposition upon oral examination of the defendant, Yahoo! Inc. through its employee, David Ellis, at the offices of Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, New York 11580 on January 30, 2017, commencing at 10am EST and continuing until complete as permitted by law before a deposition officer who is duly authorized to administer oaths. The deposition will be recorded by a stenographer. You are invited to attend and cross-examine.

Dated: January 17, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                             Richard Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Tele: 516-233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorneys for Kali Kanongataa*

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

KALI KANONGATAA,                          :
                              Plaintiff,  :        Case No.  1:16-cv-07382 (LAK)
                                          :
        -against-                         :        **DEFENDANT YAHOO! INC.'S**
                                          :        **RESPONSES AND OBJECTIONS**
AMERICAN BROADCASTING COMPANIES,          :        **TO PLAINTIFF'S FIRST SET OF**
INC. AND YAHOO! INC.,                     :        **REQUESTS FOR PRODUCTION**
                                          :
                              Defendants. :
------------------------------------------------------- x

        Defendant Yahoo! Inc. ("Yahoo") by its attorneys, Levine Sullivan Koch and Schulz

LLP, hereby responds to Plaintiff's First Set of Requests for Production (the "Requests") as

follows:

## GENERAL OBJECTIONS

        Yahoo objects generally to the Requests as set forth below.  Each of the responses that

follow is made subject to these objections.  To the extent that Yahoo responds to requests to

which it objects, such objections are not waived.  In addition, the inadvertent disclosure of

privileged information or release of privileged documents shall not constitute a waiver of any

applicable privilege.

        1.      Yahoo objects to the Requests to the extent they, or the Definitions or Instructions

contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of

Civil Procedure (the "Federal Rules") or the Local Civil Rules of the United States District

Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules") or impose

obligations on Yahoo not imposed by the Federal Rules or by the Local Civil Rules.

        2.      Yahoo objects to the Requests to the extent they seek documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. To the extent that any document which is properly the subject of privilege is produced, such production is purely inadvertent and not to be construed as a waiver of any privilege.

3.    Yahoo objects to the Requests to the extent that the definitions of "Yahoo!" and "Defendant" are overbroad and include persons and entities not relevant to any party's claims or defenses.

4.    Yahoo objects to the Requests to the extent they seek disclosure of documents from persons over whom Yahoo has no control, or seek documents not in Yahoo's possession, custody or control.

5.    Yahoo objects to the Requests to the extent that they seek documents or information that is unduly burdensome to obtain.

6.    Yahoo objects to the Requests to the extent that they are vague, ambiguous, overbroad, unreasonably duplicative, unduly burdensome, oppressive, or harassing.

7.    Yahoo objects to the Requests to the extent that they seek information that is publicly available.

8.    Yahoo objects to the Requests to the extent that they seek confidential commercial, customer, or proprietary information, trade secrets, or information that Yahoo received in confidence and/or is obligated to treat confidentially. Subject to and without waiving said objection, Yahoo will produce responsive, non-privileged documents containing such confidential and/or proprietary information only subject to the entry of an appropriate confidentiality and protective stipulation and order.

9.      Yahoo objects to the Requests to the extent that they seek material not relevant to any party's claims or defenses or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.

10.      A response that Yahoo will produce documents responsive to any individual request does not imply that Yahoo has located any responsive document or that any responsive documents exist, but only that Yahoo will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

11.      Yahoo's investigation is on-going, and Yahoo specifically reserves the right to correct, amend, modify or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

Subject to and without waiving the foregoing objections, Yahoo responds as follows:

## DOCUMENT REQUEST NO. 1

All records, documents, and communications concerning Yahoo's discovery of the video, including all communications to, from and between person or persons who first came across the video.

## RESPONSE TO DOCUMENT REQUEST NO. 1

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague.  Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce, subject to a protective order, relevant non-privileged documents, if any, in its possession, custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 2**

All records, documents, and communications concerning Yahoo's decision to use the Video on its *Yahoo's* website, including all communications to, from and between any person or persons who participated in the decision-making process to use the video.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome and vague. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce, subject to a protective order, relevant non-privileged documents, if any, in its possession, custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 3**

All records, documents, and communications concerning Yahoo's other uses of the video, including but not limited to any other websites, or posting of the video on its social media platforms, including all communications to, from and between any person or persons who participated in the decision-making process to use the video.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Yahoo objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit. Yahoo further objects to this Request on the

grounds that it is overbroad, unduly burdensome and vague.  Yahoo further objects to this

Request on the grounds that it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's

privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce,

subject to a protective order, relevant non-privileged documents, if any, in its possession,

custody, or control responsive to this Request.

## DOCUMENT REQUEST NO. 4

All records, documents, and communications concerning Yahoo's process of editing the
video for Yahoo's website, including all communications to, from and between any person or
persons who participated in the editorial process.

## RESPONSE TO DOCUMENT REQUEST NO. 4

Yahoo objects to this Request on the grounds that Yahoo's editorial process is not at

issue in this copyright case, and that the Request is not relevant to any party's claims or defenses

or proportional to the needs of the case, given the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and the burden or expense of

this Request compared with its likely benefit.  Yahoo further objects to this Request on the

grounds that it is overbroad, unduly burdensome and vague.  Yahoo further objects to this

Request on the grounds that it seeks documents or information protected by the attorney-client

privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's

privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo is not presently

aware of any documents responsive to this request.

## DOCUMENT REQUEST NO. 5

All records, documents, and communications concerning Yahoo's process of editing the video to post on its social media, including all communications to, from and between any person or persons who participated in the editorial process to post the video.

## RESPONSE TO DOCUMENT REQUEST NO. 5

Yahoo objects to this Request on the grounds that Yahoo's editorial process is not in issue in this copyright case, and that the Request is not relevant to any party's claims or defenses or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit. Yahoo further objects to this Request on the grounds that it is overbroad, unduly burdensome and vague. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo is not presently aware of any documents responsive to this Request.

## DOCUMENT REQUEST NO. 6

All records, documents, and communications concerning Yahoo's display of the video on its website, including all communications to, from and between any person or persons who participated in the display of the video.

## RESPONSE TO DOCUMENT REQUEST NO. 6

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and duplicative of other Requests. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other

applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce,

subject to a protective order, relevant non-privileged documents, if any, in its possession,

custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 7**

All records, documents and communications concerning Yahoo's internal policy,
Standards & Practices, or other guidance for obtaining permission, consent or license to any
copyrightable material on its telecasts or its website. This request pertains to a period from
January 2013 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome

and vague.  Yahoo further objects to this Request on the grounds that it seeks documents or

information protected by the attorney-client privilege, work-product privilege common-interest

privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.  Yahoo

further objects to this Request on the grounds that both the stated time period and the scope of

this request is overbroad and consequently seeks materials that are wholly irrelevant to this

action.

**REQUEST NO. 8**

All records, documents and communications concerning Yahoo's internal policy,
Standards & Practices, or other guidance for obtaining permission, consent or license to any
copyrightable material to use on its other online platforms. This request pertains to a period from
January 2013 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome

and vague.  Yahoo further objects to this Request on the grounds that it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege. Yahoo

further objects to this Request on the grounds that the stated time period is overbroad and

consequently seeks materials that are wholly irrelevant to this action.  Yahoo further objects to

this Request on the grounds that there is no allegation that Yahoo used the video at issue on

online platforms other than the Yahoo website and therefore the Request seeks materials that are

wholly irrelevant to this action.

## DOCUMENT REQUEST NO. 9

All records, documents and communications concerning Yahoo's internal policy,
Standards & Practices, or other guidance for obtaining permission, consent or license to any
copyrightable material on Yahoo's social media, including Facebook and Twitter. This request
pertains to a period from January, 2013 through the present.

## RESPONSE TO DOCUMENT REQUEST NO. 9

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome

and vague.  Yahoo further objects to this Request on the grounds that it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.  Yahoo

further objects to this Request on the grounds that the stated time period is overbroad and

consequently seeks materials that are wholly irrelevant to this action.  Yahoo further objects to

this Request on the grounds that there is no allegation that Yahoo used the video at issue on

Facebook or Twitter and therefore the Request seeks materials that are wholly irrelevant to this

action.

## DOCUMENT REQUEST NO. 10

All records, documents and communications concerning advertising revenue and other
profits or benefits generated by the Yahoo's website during the period of January 2015 – present.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Yahoo objects to this Request on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit. Yahoo further objects to this Request on the grounds that it is overbroad, vague, and unduly burdensome. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege. Yahoo further objects to this Request on the grounds that it seeks confidential commercial, customer, proprietary information and/or trade secrets.

**DOCUMENT REQUEST NO. 11**

All records, documents and communications concerning advertising revenue and other profits or benefits generated across the Yahoo's social media during the period of January 2015 – present.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Yahoo objects to this Request on the grounds that it is not relevant to any party's claims or defenses or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit. Yahoo further objects to this Request on the grounds that it is overbroad and unduly burdensome. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's

privilege, or any other applicable privilege.  Yahoo further objects to this Request on the grounds

that it seeks confidential commercial, customer, proprietary information and/or trade secrets.

## DOCUMENT REQUEST NO. 12

All records, documents and communications relating visits to the Yahoo's website during
the period of January 2015 - present.

## RESPONSE TO DOCUMENT REQUEST NO. 12

Yahoo objects to this Request on the grounds that it is not relevant to any party's claims

or defenses or proportional to the needs of the case, given the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and the burden or

expense of this Request compared with its likely benefit.  Yahoo further objects to this Request

on the grounds that it is vastly overbroad and unduly burdensome.  Yahoo further objects to this

Request on the grounds that it seeks confidential commercial, customer, proprietary information

and/or trade secrets.

Subject to and without waiving its general or specific objections, Yahoo will produce,

subject to a protective order, relevant non-privileged documents, if any, in its possession,

custody, or control sufficient to show the number of visits to the specific URL on which the

video appeared on Yahoo's website during the time that the video appeared on Yahoo's website.

## DOCUMENT REQUEST NO. 13

All records, documents and communications relating to
likes/shares/reposts/tweets/comments about the video on Yahoo's social media.

## RESPONSE TO DOCUMENT REQUEST NO. 13

Yahoo objects to this Request on the grounds that it is not relevant to any party's claims

or defenses or proportional to the needs of the case, given the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and the burden or

expense of this Request compared with its likely benefit.  Yahoo further objects to this Request

on the grounds that it is overbroad and unduly burdensome.  Yahoo further objects to this

Request on the grounds that it seeks confidential commercial, customer, proprietary information,

and/or trade secrets.

**DOCUMENT REQUEST NO. 14**

All records, documents and communications relating to Yahoo's removal of the video
from either its website or social media.

**RESPONSE TO DOCUMENT REQUEST NO. 14**

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome

and vague.  Yahoo further objects to this Request on the grounds that it seeks documents or

information protected by the attorney-client privilege, work-product privilege, common-interest

privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce

subject to a protective order, relevant non-privileged documents, if any, in its possession,

custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 15**

All records, documents and communications concerning the use of the video being
protected by Fair Use doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

Yahoo objects to this Request on the grounds that it seeks documents or information

protected by the attorney-client privilege, work-product privilege, common-interest privilege,

joint-defense privilege, reporter's privilege, or any other applicable privilege.  Yahoo further

objects to this Request on the grounds that it is patently vague and ambiguous.

11

Subject to and without waiving its general or specific objections, Yahoo will produce subject to a protective order, relevant non-privileged documents, if any, in its possession, custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 16**

All records, documents and communications concerning the enforceability of the Plaintiff's copyright in the video.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

Yahoo objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.  Yahoo also objects on the grounds that this Request seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege. Yahoo further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks publicly available information that is equally accessible to Plaintiff.

**DOCUMENT REQUEST NO. 17**

Produce copies of all complaints or petitions in any action filed by or against Yahoo in which the allegations are similar to those alleged in this suit.

**RESPONSE TO DOCUMENT REQUEST NO. 17**

Yahoo objects to this Request on the grounds that it is not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of

this Request compared with its likely benefit.  Yahoo also objects on the grounds that this

Request seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other

applicable privilege.  Yahoo further objects to this Request on the grounds that it is overbroad,

unduly burdensome, and seeks publicly available information that is equally accessible to

Plaintiff.

## DOCUMENT REQUEST NO. 18

Produce copies of any and all claims made by or against Yahoo for damages similar to those alleged in this suit.

## RESPONSE TO DOCUMENT REQUEST NO. 18

Yahoo objects to this Request on the grounds that it is not relevant to any party's claim or

defense or proportional to the needs of the case, given the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and the burden or expense of

this Request compared with its likely benefit.  Yahoo also objects on the grounds that this

Request seeks documents or information protected by the attorney-client privilege, work-product

privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other

applicable privilege.  Yahoo further objects to this Request on the grounds that it is overbroad

and unduly burdensome.

## DOCUMENT REQUEST NO. 19

All records, documents and communications concerning, referencing, passing upon, evidencing, or in any way connected with or referring to the copyright infringement alleged in Kali's Complaint.

13

**RESPONSE TO DOCUMENT REQUEST NO. 19**

Yahoo objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege, reporter's privilege, or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce subject to a protective order, relevant non-privileged documents, if any, in its possession, custody, or control responsive to this Request.

**DOCUMENT REQUEST NO. 20**

All records, documents and communications that show Yahoo did not commit copyright infringement.

**RESPONSE TO DOCUMENT REQUEST NO. 20**

Yahoo objects to this Request on the grounds that it is grossly overbroad, unduly burdensome and vague. Yahoo further objects to this Request on the grounds that it seeks documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint-defense privilege or any other applicable privilege.

Subject to and without waiving its general or specific objections, Yahoo will produce subject to a protective order, relevant non-privileged documents, if any, in its possession, custody, or control responsive to this Request.

14

Dated: January 12, 2017
Washington, D.C.

By: _____

Nathan E. Siegel
Dana R. Green
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1899 L Street NW, Suite 200
Washington, DC 20036
Tel: (202) 508-1100
Fax: (202) 861-9888
nsiegel@lskslaw.com

*Counsel for Defendants American Broadcasting
Companies, Inc. and Yahoo! Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 12, 2017, a true and correct copy of the foregoing

Defendant Yahoo! Inc.'s Responses and Objections to Plaintiff's First Set of Requests for

Production was served on the following counsel of record via electronic mail as follows:

> Richard Liebowitz
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY 11580
> Tel: (516) 233-1660
> RL@LiebowitzLawFirm.com
>
> Yekaterina Tsyvkin
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY 11580
> Tel: (516) 233-1660
> kt@LiebowitzLawFirm.com
>
> *Attorneys for Plaintiff*

Dana R. Green